# IN THE COURT OF APPEALS OF IOWA

No. 13-1988
Filed July 16, 2014

**JANENE M. GORSETT,**
Plaintiff-Appellee,

**vs.**

**JAMES PATRICK GENGLER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Duane B. Hoffmeyer, Judge.

A father appeals the district court's denial of his application to hold the mother of his child in contempt for allegedly violating a provision of their custody stipulation. **AFFIRMED.**

Tod J. Deck, Sioux City, for appellant.

Rebecca A. Nelson of Rawlings, Ellwanger, Jacobs, Mohrhauser & Nelson, L.L.P., Sioux City, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

A father challenges the denial of his request to hold the mother of his child in contempt for an alleged violation of their court-ordered custody agreement. The district court found the father failed to meet his burden to prove a willful violation beyond a reasonable doubt. We agree with the district court's succinct analysis and find no abuse of discretion in its dismissal of the contempt action.

Janene Gorsett and James Gengler have one child in common. Their son, M.G., is two and one-half years old. The parents stipulated to joint legal custody and physical care for Janene with visitation for James. They filed their stipulation with the court on January 10, 2013. On September 20, 2013, James filed an application alleging Janene should be held in contempt for violating the child care provision of the stipulation.

That provision states:

> Daycare and Babysitting. . . . Until such time as [Janene] becomes employed on a full time basis, each party shall have the right of first refusal for babysitting needs when the parent with the child at that time will not be able to care for the child for a period of two hours or longer. Each party shall notify the other of the need for such babysitting and allow the other party the opportunity to care for the child during this time only and the parent who needs daycare assistance shall have the right to pick up the minor child as soon as they are free to do so. . . Nothing herein shall prevent either party from allowing grandparents or adult siblings to spend time with the minor child in their home if they wish to and if such time is not based on either of the parties requiring babysitting.

James alleges Janene allowed her adult daughter to babysit for M.G. on Thursdays in September while Janene was working as an intern for her degree program rather than allowing him the opportunity to care for the child.

Both parents and Janene's adult daughter testified at a show-cause hearing on November 18, 2013. On November 20, the district court dismissed the contempt application.[1] The court did not find the daycare provision "as clear as [James] represents." The court reasoned as follows:

> The court thinks it is unclear whether a family household member providing daycare rises to the level where notice to the defendant is required especially when there is reference to allowing visitation with grandparents or adult siblings. The court finds "and if such time is not based on either of the parties requiring babysitting" to seemingly allow this to take place and not be in violation of the court order.

On appeal, James challenges the court's interpretation of the provision—arguing the language clearly required Janene to provide him the right of first refusal before allowing her adult daughter to babysit.[2]

A person who willfully disobeys a court order may be cited and punished for contempt. Iowa Code § 598.23(1) (2013). We review the district court's refusal to hold a party in contempt for abuse of discretion, "and unless this discretion is grossly abused, the [district court's] decision must stand." *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (internal citation omitted). The court is not required to hold a party in contempt even if the elements of contempt may exist. *Id.*

James bears the burden to prove Janene willfully failed to perform a court-ordered duty. *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998).

---

[1] Janene filed a counter application for contempt on October 24, 2013, which the district court also dismissed. Janene did not appeal.

[2] When a defendant is found in contempt, review is by petition for certiorari; but when the district court dismisses the application to punish for contempt, a direct appeal is permitted. *State v. Dist. Ct.,* 231 N.W.2d 1, 4 (Iowa 1975).

Contempt is a quasi-criminal proceeding, so proof must be beyond a reasonable doubt. *Ervin v. Iowa Dist. Ct.*, 495 N.W.2d 742, 744 (Iowa 1993). Once James shows a violation of a court order, the burden shifts to Janene to produce evidence demonstrating the violation was not willful. *See id.* at 745. Willful disobedience means "conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not." *Christensen*, 578 N.W.2d at 678. An alleged contemner may show his or her failure to comply was not willful by showing the order was indefinite. *Id.*

At the show-cause hearing, Janene testified she did not need daycare on Thursdays because M.G.'s sister was home with him. The district court read the provision at issue to "seemingly allow this to take place" without Janene violating the order. The district court acted within its discretion in finding James did not prove beyond a reasonable doubt that Janene willfully disobeyed the stipulated agreement. Because the district court's ruling identifies and considers all the issues presented and we approve of the reasoning and conclusions, we affirm by memorandum opinion. *See* Iowa Court Rule 21.26(1)(a), (b), (d) and (e).

**AFFIRMED.**